IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ED HENRY LOYDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 13-2846-JDT-dkv |
| | ) |
| MIDDLE TENNESSEE MENTAL | ) |
| HEALTH INSTITUTE, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

On October 25, 2013, Plaintiff Ed Henry Loyde, booking number 12105552, a pretrial detainee at the Shelby County Criminal Justice Complex in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) In an order issued on October 29, 2013, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b). (D.E. 3.) The Clerk shall record the Defendants as the Middle Tennessee Mental Health Institute ("MTMHI"); David Ryker, the Director of the MTMHI; and two employees of the MTMHI, who are identified as "Tech. Charles" and "Tech. Fisher." The complaint alleges that Plaintiff was assaulted by a fellow patient at the MTMHI. (Compl., D.E. 1 at 2-3.)

Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in a judicial district

> (1) where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

This case has no connection with this district apart from Plaintiff's current incarceration in Memphis. The allegedly unlawful acts occurred at the MTMHI, which is located in Nashville, Tennessee. Nashville is in Davidson County, which is in the Nashville Division of the Middle District of Tennessee. 28 U.S.C. § 123(b)(1).

Twenty-eight U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." For the reasons stated, this action should have been brought in the Middle District of Tennessee. Therefore, this case is hereby TRANSFERRED, pursuant to 28 U.S.C. § 1406(a), to the Nashville Division of the United States District Court for the Middle District of Tennessee.

The Clerk is directed to close this case without entry of judgment.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE